# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

Lyle W. Cayce
Clerk

No. 10-40111
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RUBEN DE LEON, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-317-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ruben De Leon, Jr., appeals the 97-month prison sentence imposed for possession with intent to distribute more than 100 kilograms of marijuana. Although he pleaded guilty in 2004, De Leon was not sentenced until 2009 because he failed to appear for his sentencing hearing and remained a fugitive for several years. He argues that the Government breached the plea agreement by failing to recommend a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40111

We review for plain error his "forfeited claim . . . that the Government failed to meet its obligations under a plea agreement." *Puckett v. United States*, 129 S. Ct. 1423, 1428 (2009). To show plain error, De Leon must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 1429. If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

It is not clear or obvious that the Government breached the plea agreement given that the agreement states that "[i]f the defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, . . . [t]he United States will be permitted to recommend to the Court any sentence it considers appropriate, up to and including the maximum possible sentence." In addition, the district court stated at the sentencing hearing that it would not grant De Leon a reduction for acceptance of responsibility because, rather than taking responsibility for his crime, he failed to appear for his sentencing hearing and remained a fugitive for nearly five years. This was consistent with the Guidelines commentary, especially given that the district court applied an offense level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. *See* U.S.S.G. § 3E1.1, cmt. nn.3-4.

AFFIRMED.